UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**PAMELA TAYLOR SMILEY**              Docket No._____

**VERSUS**                                      JUDGE_____

**SAM'S WEST, INC.**                      MAGISTRATE_____

**ORIGINAL COMPLAINT FOR DAMAGES**

Plaintiff, PAMELA TAYLOR SMILEY, submits this Original Complaint for Damages, as follows:

**Parties**

1.

Plaintiff is of the full age of majority, a citizen of the United States, and a resident of Jefferson Parish, Louisiana.

2.

Defendant is SAM'S WEST, INC. Upon information and belief, and therefore, allegation, Defendant is a foreign corporation that is organized under the laws of a State other than the State of Louisiana. Defendant is authorized to do and does substantial business in the State of Louisiana and in the geographic area of the Eastern District of Louisiana, United States District Court.

3.

Defendant is liable to Plaintiff for all sums reasonable under the circumstances and in the

premises, in amounts to be shown at the time of trial, based on all facts and allegations set forth herein.

## Jurisdiction and Venue

4.

This Court has subject matter jurisdiction over this action and personal jurisdiction over Defendant due to defendant's contacts with Plaintiff, the State of Louisiana, the Eastern District and the controversy between the parties as described herein. Furthermore, the amount in controversy exceeds $75,000, exclusive of legal interest and recoverable costs, and diversity of citizenship exists, as is required by 28 U.S.C. Sec. 1332.

5.

Venue is proper since this action is one for the recovery of damages for an offense or quasi offense, and the wrongful conduct occurred and the damages were sustained in Jefferson Parish.

## Accident

6.

Plaintiff was an employee of a vendor or contractor of defendant. On or about March 10, 2023, while lawfully on the premises of defendant, which are located on Airline Drive in Metairie, Louisiana, the plaintiff received both temporary and permanent injuries to her person, because of the below-described negligent conduct of the defendant.

7.

More particularly, on or about March 10, 2023, while on the premises of defendant, the plaintiff walked into an area where, unbeknownst to her, and not visible, open or obvious to the plaintiff, there was meat juice, waste or residue on the floor, which caused the plaintiff to slip, fall and receive injuries to her person. As she was pushing a cart in front of her, the plaintiff's view in front of her was obscured by the cart, and she could not see in advance the hazard that harmed her. Furthermore, the presence of the aforesaid foreign substance on the floor was not apparent, because the substance visually blended in with the surface of the floor.

8.

Defendant allowed the slippery, hazardous substance to remain on the floor of the premises for a lengthy period of time, during which time the defendant knew or should have known and should have discovered the hazard and should have remedied it.

9.

At no time prior to the occurrence of the aforesaid accident did defendant warn plaintiff of the presence of the foreign substance on the floor.

10.

Defendant negligently failed to timely and regularly inspect the aforesaid floor to determine whether or not foreign substances or other hazards were present and in need of removal or remedy.

11.

The hazardous substance remained on the floor for an excessive length of time, without any attempt by Defendant to remove or mitigate the substance.

12.

Defendant had care, custody and control ("*garde*") of the premises and the area where plaintiff was injured and defendant negligently failed in its legal duty to plaintiff to keep the floor reasonably clean and free of hazardous conditions.

13.

At all times pertinent hereto, including, without limitation, at the time of the accident, Plaintiff acted carefully, prudently, safely, and without negligence.

14.

At all times pertinent hereto, including, without limitation, at the time of the accident, Defendant had care, custody, control, and ownership of the premises where Plaintiff slipped and fell. Before the accident, Defendant knew or should have known of the presence of the hazardous substance and the danger presented by the substance, but Defendant failed and refused to remedy the hazard.

15.

Before the accident, Defendant failed to inform or warn Plaintiff of the existence of the hazardous substance.

16.

As a result of the accident, Plaintiff sustained injuries to her body, including, without limitation, to her back, neck, head, side, and extremities.

**Liability**

17.

Plaintiff asserts any and all claims available pursuant to the laws of the State of Louisiana, including, without limitation, Articles 2315, 2317, 2317.1, 2320, 2322, 2695, 2696, and 2697 of the Louisiana Civil Code and any applicable Civil Code ancillaries in Title 9 of the Louisiana Revised Statutes.

18.

Defendant, its agents, servants, employees, representatives, and other persons for whom Defendant is vicariously or otherwise legally liable, were negligent in failing to maintain, care for, improve, repair, inspect, clean, wash, regulate, administer, design, construct, and otherwise act, in all other respects as will be shown at the time of trial, in relation to the floor at issue, in a reasonably safe and prudent manner under all prevailing circumstances; failing to warn Plaintiff of the defect and unreasonable risk of harm presented by the dangerous substance on the floor; failing to obey the laws, statutes, and ordinances of the State of Louisiana, Parish of Jefferson, including, without limitation, Louisiana Civil Code articles 2315, 2317, 2317.1, 2320, 2322, 2695, 2696, and 2697, the applicable Louisiana Revised Statutes in Title 9 and elsewhere, and all other applicable provisions of law, as will be shown at the time of trial; and failing, in all other respects as will be shown at the time of trial, to exercise reasonable care and act as a reasonably prudent person with respect to Plaintiff, the floor and the aforesaid premises.

19.

At the time of the accident, the entire premises, including the hazardous substance and

the floor on which Plaintiff slipped, were within Defendant's care, custody, control, and ownership. At that time, Defendant had legal responsibility for maintenance, care, improvement, repair, cleaning, washing, inspection, regulation, administration, design, and construction of the premises and its floors.

20.

Defendant negligently failed to keep the floor, over which it had legal responsibility, in a reasonably safe condition as required by law.

21.

Defendant failed to act in a reasonable and prudent manner. Its failure to act properly with respect to the floor and the hazardous substance thereon constituted a breach of the applicable standard of care and of its legal duty to Plaintiff to keep the premises and its floors in a reasonably safe condition. Defendant owed and breached a duty to Plaintiff to reasonably and prudently keep the premises and its floors in a reasonably safe condition, and to warn Plaintiff of the defect and unreasonable risk of harm. The risk of the accident and of the injury that Plaintiff suffered was within the scope of Defendant's breached duty.

22.

Defendant knew or should have known that its negligent acts and omissions would cause the accident and injure Plaintiff, and Defendant's negligence actually and proximately caused the accident and Plaintiff's resulting injury. But for Defendant's negligence, the accident would not have happened. Further, the specific risk of harm that Plaintiff encountered and experienced when she slipped and fell on the dangerous, slippery substance on the floor was within the scope

of Defendant's duty to Plaintiff. Moreover, the accident, and the injury to Plaintiff, were reasonably foreseeable.

23.

Defendant expected or reasonably should have expected vendors and contractors such as Plaintiff to traverse the floor on the premises.

24.

The hazardous substance was not open and obvious to Plaintiff and not readily apparent upon reasonable and careful observation by Plaintiff, who was reasonably and carefully traversing the area at the time of the accident.

25.

Defendant had actual or constructive knowledge of the defect and the risk of harm. Defendant failed to act in a reasonable and prudent manner and within a reasonable period of time to take corrective action to remedy the defect and mitigate or eliminate the risk of harm.

26 .

Defendant unreasonably failed to warn Plaintiff of the defect and risk of harm posed by the hazardous substance on the floor.

## **Damages**

27.

As a result of Defendant's fault and negligence, and, to the extent applicable, strict liability, Plaintiff suffered injuries in the accident.

28.

As a result of Defendant's acts and omissions, Plaintiff has sustained, continues to sustain, and will continue to sustain past and future damages, including, without limitation, pain and suffering, loss of enjoyment of life, loss of income, loss of earnings capacity, and medical and health care expenses, entitling Plaintiff to recover all sums reasonable under the circumstances and in the premises, in amounts to be shown at the time of trial.

29.

As a result of Defendant's acts and omissions, Plaintiff is entitled to further relief, including, without limitation, the recovery of legal interest, attorneys' fees, costs, and general and equitable relief.

30.

Plaintiff has suffered additional damages caused by Defendant's acts and omissions, which shall be shown at the time of trial.

**Request for Notice**

31.

Plaintiff is entitled to and hereby requests timely written notice of all hearings, rules, trials, judgments, decisions and orders, and written reasons for judgment, as provided for by law and jurisprudence.

## Request for Trial by Jury

32.

Plaintiff requests trial by jury regarding all issues that are triable to a jury.

## Prayer for Relief

Wherefore, Plaintiff prays that Defendant be served with a copy of this Original Complaint for Damages; that Defendant be cited to appear and answer the Complaint; and that after all delays and proceedings had, there be judgment rendered herein in favor of Plaintiff and against Defendant for all sums reasonable under the circumstances and in the premises, in amounts to be shown at the time of trial, together with legal interest, recoverable costs, attorneys' fees, if applicable, and all general and equitable relief.

Respectfully submitted,

/s/ Ben E. Clayton

---

**CLAYTON LAW FIRM, LLC**
Ben E. Clayton, LSBA No. 17512
ben@claytonlawfirmllc.com
Joshua P. Clayton, LSBA No. 34488
josh@claytonlawfirmllc.com
Brett P. Percle, LSBA No. 40555
brett@claytonlawfirmllc.com
Suite 101
893 Brownswitch Road
Slidell, Louisiana  70458
(985) 863-3065 voice
(985) 863-7707 facsimile
**Attorneys for Plaintiff, Pamela Taylor Smiley**

9